UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 6:22-cv-609

NELSON GOYO,

       Plaintiff,

v.

PHILLIPS & COHEN
ASSOCIATES, LTD. CORP.
and MERRICK BANK,

       Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Nelson Goyo, by and through undersigned counsel, sues Defendants, Phillips & Cohen Associates, Ltd. and Merrick Bank, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes § 559.55 *et seq.*

2.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. Venue in this District is proper because Plaintiff resides here and Defendants sent or caused to be sent communications to Plaintiff in this District.

## PARTIES

3.        Plaintiff, Nelson Goyo ("Goyo") is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.  He is a consumer as defined by the FDCPA and the FCCPA.

4.        Defendant, Phillips & Cohen Associates, Ltd. Corp. ("Phillips & Cohen"), is a Delaware corporation, who provides debt collection services to third-parties, with its principal place of business located at 1002 Justison Street, Wilmington, DE 19801.  It is a debt collector as defined in the FDCPA and the FCCPA.

5.        Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency and regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

6.        Phillips & Cohen regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.        Merrick Bank ("Merrick") is a nationally chartered bank with its corporate office located in Draper, Utah.

8.        Merrick Bank is a creditor as defined in the FCCPA.

## FACTUAL ALLEGATIONS

9.        Phillips & Cohen was retained by Merrick to collect on a defaulted consumer credit account.

10.        On or about August 26, 2021, Plaintiff's attorney, Joel D. Lucoff, sent a letter to Phillips & Cohen advising of his representation and requesting that all direct communications with the Plaintiff cease and desist. A copy of attorney Lucoff's letter is attached hereto as Exhibit "A."

11.      On January 19, 2022, Merrick's agent, Phillips & Cohen, sent a letter directly to the Plaintiff to collect an alleged debt ("the debt") for a consumer loan. A copy of the letter sent to Plaintiff are attached hereto as Exhibit "B."

12.      The debt was for a personal, household, or family purpose.

13.      Plaintiff's attorney had not consented to Defendants' direct communication with Plaintiff.

14.      Plaintiff's attorney had not failed to respond to any communication of Defendants' within a reasonable amount of time.

15.      No court had authorized Defendants' direct communication with Plaintiff

16.      At the time Phillips & Cohen contacted the Plaintiff, Defendant knew the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

17.      If Defendants or their agents continue to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself of the representation of his counsel.

18.      The actions of Defendants caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

**COUNT I**
**COMMUNICATION WITH A CONSUMER REPRESENTED**
**BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)**

19.      Plaintiff incorporates Paragraphs 1 through 18.

20.      Defendants communicated directly with Plaintiff when Defendants knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

3

     a.       Damages;

     b.       Attorney's fees, litigation expenses and costs of suit; and

     c.       Such other or further relief as the Court deems proper.

**COUNT II**
**VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

21.    Plaintiff incorporates Paragraphs 1 through 8 and 10 through 18.

22.    Defendants communicated directly with Plaintiff when Defendants knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

23.    The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div.</u>, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

24.    WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently enjoining Defendant from direct communication with Plaintiff; and

    e. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                               */s/Joel D. Lucoff*
                                Joel D. Lucoff
                                Fla. Bar No. 192163
                                Debt Shield Law
                                3440 Hollywood Blvd., Suite 415
                                Hollywood, FL 33021

4

5

754-800-5299
service@debtshieldlaw.com
joel@debtshieldlaw.com

5